**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES M. SHUTTER, *on behalf of himself and others similarly situated*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LAW OFFICES OF STEVEN COHEN LLC; STEVEN COHEN; and VELOCITY INVESTMENTS, L.L.C.,<br><br>                    *Defendants.* | No. 18-cv-6113<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

James M. Shutter, the plaintiff herein ("Plaintiff"), by his attorneys, for himself and others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This class action seeks to vindicate the rights of New York consumers who failed to receive statutorily required notices from the high-volume collection law firm of Law Offices of Steven Cohen LLC and its principal Steven Cohen (collectively, "the Cohen Defendants") in state court consumer collection actions brought in New York State, in which the Law Offices of Steven Cohen LLC represented defendant Velocity Investments, L.L.C., a debt buyer, in post-judgment collection activities.

2. Specifically, the Cohen Defendants (who did not represent Velocity Investments in the underlying state court action resulting in judgment against Shutter and the others, but who Velocity subsequently hired to collect its judgments from Shutter and the others) failed to give Shutter and others the notice required by Fair Debt Collection Practices

Act, 15 U.S.C § 1692g, before seeking to collect (e.g., by means of information subpoenas, bank restraints, and income executions).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C § 1331.

4. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this District per 28 U.S.C. § 1391(b)(1) as at least one defendant resides in this District and the other defendants either reside in the District or are residents of the State in which the District is located within the meaning of 28 U.S.C. § 1391(c)(3).

6. Venue is also proper in this District per 28 U.S.C. § 1391(b)(2) as a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

*Named Plaintiff*

7. Named plaintiff James M. Shutter has at all relevant times been a resident of Fulton County, New York State.

8. Mr. Shutter is a "consumer" as that term is defined at 15 U.S.C. § 1692a(3).

9. Mr. Shutter was sued in a consumer collection action titled "*Velocity Investments, LLC vs. James M. Shutter*, Index cv-0311-07/JO, in the Johnstown City Court (the "State Court Action"), which resulted in a default judgment against Mr. Shutter on October 17, 2007.

*Defendants*

10. Defendant Law Office of Steven Cohen LLC ("LOSC") is a professional service limited liability company organized and existing under the laws of New York State with a principal place of business in Bronx County, New York.

11. LOSC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, the courts of New York and other means of interstate commerce.

12. LOSC's website emphasizes LOSC's expertise and focus on debt collection and LOSC's representation of a number of "collection agencies[,]" "debt buyers[,]" and a variety of types of creditors. LOSC's website further states that the "firm is active in the National Association of Retail Collection Attorneys ("NARCA") and Debt Buyers Association ("DBA"). *See* www.stevencohenlaw.com as of 6/20/2018.

13. LOSC is a "debt collector" as that term is defined at 15 U.S.C § 1692a(6).

14. Defendant Steven Cohen ("Cohen") is and has been a lawyer licensed to practice law in the State of New York and, upon information and belief, is a resident of Westchester County, New York.

15. Upon information and belief, Cohen is the principal of LOSC.

16. Cohen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed and due to another, by the use of the mail, telephone, and the courts of New York and other means of interstate commerce;

17. Cohen is a "debt collector" as that term is defined at 15 U.S.C § 1692a(6);

18. Defendant Velocity Investments, L.L.C. ("Velocity") is a limited liability company organized and existing under the laws of New Jersey authorized to do business in New York State, with a principal place of business in Wall, New Jersey.

19. Velocity is in the business of acquiring portfolios of defaulted consumer accounts in order to collect on those account.

20. Velocity's principal business is the collection of debts.

21. Velocity is licensed with the New York City Department of Consumer Affairs as a debt collection agency.

22. Velocity is a debt collector pursuant 15 U.S.C. § 1692a(6).

## NAMED PLAINTIFF'S EXPERIENCES

23. On or about May 1, 2007, Velocity sued James M. Shutter in the Johnstown City Court ("State Court Action") alleging Mr. Shutter had defaulted in payment on a credit card account issued by issued by Best Buy, which Velocity claimed it had purchased ("debt" or "the debt").

24. Whether or not Mr. Shutter owed the debt, it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes; hence it is a "debt" as that term is defined in the FDCPA at 15 U.S.C § 1692a(5).

25. Velocity was represented by the law firm of Kirschenbaum & Phillips, P.C. in the State Court Action.

26. On October 17, 2007, Kirschenbaum & Phillips, on behalf of Velocity, entered a default judgment against Mr. Shutter in the State Court Action.

*The Income Execution*

27. At some time before March 14, 2018, at a time best known to defendants, Velocity changed attorneys from Kirschenbaum & Phillips to LOSC.

28. On or about March 14, 2018, the Cohen Defendants, on behalf of Velocity, attempted to collect the debt from Mr. Shutter by issuing an income execution demanding him to pay them 10% of his wages, or thereabouts.

29. A true copy of the income execution in the State Court Action the Cohen Defendants issued against Mr. Shutter on behalf of Velocity is attached hereto as Exhibit A ("Execution").

30. The Execution was signed by Steven Cohen.

31. The Execution is a "communication "as that term is defined by 15 U.S.C. § 1692a(2).

32. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, unless the following information is contained in the initial communication or the consumer has paid the debt, a debt collector shall send the consumer a written notice containing:

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33. Mr. Shutter had not paid the alleged debt before March 18, 2018 or within 5 days of receiving the Execution.

34. Factually, the Execution was the first and only communication Plaintiff received from Defendants before or after the Execution was issued after March 18, 2018.

35. In other words, Defendants did not and have not served on Plaintiff the notice required by 15 U.S.C. § 1692g(a) despite their attempt to collect the debt from Plaintiff.

36. Upon information and belief, it is Defendants' practice to issue post-judgment mandates such as the Execution without also issuing the notice required by 15 U.S.C. 1692g(a) in a timely manner every time they seek to enforce judgment against consumers in New York State.

37. Upon information and belief, the individual defendant Cohen signs income executions and other communications to collect judgment debt in actions brought by Velocity against consumers in New York State (and he has signed and thus certified the communications) in the same form and substance as Exhibit A in the regular course of LOSC's business.

38. Subsequent to sending the communication at issue in this case, the judgment against Plaintiff was vacated and the case dismissed by stipulation.

## CLASS ALLEGATIONS

39. The plaintiff, James M. Shutter, brings this action on behalf of not only himself, but also on behalf of a class of all other persons similarly situated, per Fed. R. Civ. P. Rule 23.

40. Plaintiff seeks to represent the following class:

    a. The Class:

        (1) Natural persons;

        (2) who were sued in a state court consumer collection action;

        (3) in which the action was brought in a city, county or supreme court located within the State of New York;

        (4) in which Velocity was the state court plaintiff;

        (5) in which Velocity obtained a judgment;

        (6) in which Velocity had the Cohen Defendants take on the matter post-judgment and have sought to enforce the judgment by issuing an information subpoena, restraining notice, income execution or other instrument authorized by CPLR Article 52;

        (7) within one year of commencement of this federal action;

        (8) but to whom the Defendants did not send the notice required by 15 U.S.C. § 1692g(a) with or within five days after issuing the aforementioned Article 52 instrument.

41. Excluded from the Class is any judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

42. The Article 52 instruments at issue are boilerplate documents which, upon information and belief, were sent by Defendants to hundreds if not thousands of consumers.

43. The Class includes hundreds, if not thousands, of members and is sufficiently numerous that joinder of all members is impractical.

44. Although the exact number of Class Members and their addresses are unknown to Plaintiff, they are readily ascertainable from Defendants' records.

*Existence and Predominance of Common Issues*

45. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class Members.

46. These questions include:

    a. Whether the failure to issue the notice required by 15 U.S.C. 1692g(a) within 5 days of issuing a mandate under Article 52 of the CPLR violates the FDCPA;

    b. Whether Plaintiff and the other Class Members are entitled to statutory damages, costs and attorney's fees under the FDCPA.

*Typicality*

47. Plaintiff's claims are typical of the claims of the Class because, among other things, Plaintiff was:

    a. Sued by Velocity;

    b. in a state court consumer collection action;

    c. which was brought in a court within the State of New York;

    d. which resulted in a judgment;

    e. in which Velocity had the Cohen Defendants seek to enforce the judgment by issuing a mandate (information subpoena, restraining notice, income execution); and

    f. where no notice per 15 U.S.C. § 1692g(a) was sent with the mandate or within 5 days thereafter.

48. Thus, Plaintiff's claims – based on the same omissions of law as to the claims of all other Class Members – are typical of the claims of the Class.

49. Put differently, all of the claims are based on the same factual and legal theories and the Plaintiff, together with each Class Member, have been subjected to the same false and deceptive communications and acts by Defendants.

*Adequacy*

50. Plaintiff will fairly and adequately represent the interests of the Class Members. His interests do not conflict with the interests of the members of the Class he seeks to represent.

51. Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why Plaintiff and his counsel will not vigorously pursue this matter.

*Superiority*

52. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue herein.

53. The damages suffered by each individual Class Member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.

54. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not.

55. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

56. By contrast, the class action device presents for fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

57. In the alternative the Class may be certified because:
    a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendants;
    b. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
    c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**COUNT I**
*(Violation of the Fair Debt Collection Practices Act)*

58. Plaintiff hereby restates, realleges and incorporates by reference all foregoing paragraphs.

59. The Fair Debt Collection Practices Act requires that initial communications from a debt collector be accompanied by a written notice containing "a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" or that such notice be issued within five days after the initial communication by the debt collector.  15 U.S.C. § 1692g(a) and (a)(3).

60. The communications at issue were initial communications pursuant to 15 U.S.C. § 1692g and applicable case law that did not include the statement required by 15 U.S.C. § 1692g(a)(3).  *See, e.g., Tocco v. Real Time Resolutions, Inc.*, 48 F. Supp. 3d 535, 539 (S.D.N.Y. 2014) ("Because section 1692g applies to each creditor, Real Time was required to send a validation notice within five days of its initial communication with Tocco."); *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1072 (9th Cir. 2016) ("it is clear that the validation notice requirement applies to each debt collector that attempts to collect a debt.").

61. The communications at issue failed to provide "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]"  15 U.S.C. § 1692g(a)(4).

62. Likewise, the communications at issue failed to provide "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."  15 U.S.C. § 1692g(a)(5).

63. Defendants did not send the notice required by 15 U.S.C. § 1692g(a) with the initial communications at issue or within five days after the initial communications at issue.

64. Defendants violated the FDCPA by issuing Article 52 instruments without sending a timely notice as required by 15 U.S.C. § 1692g(a).

65. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class are entitled to declaratory judgment, statutory damages, costs and attorney's fees per 15 U.S.C. § 1692k.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff and members of the Class respectfully request that this Court award:

a) An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative and appointing his attorneys as class counsel;

b) A judgment declaring that Defendants have committed the violations of law alleged in this action;

c) Statutory damages per the FDCPA;

d) An order awarding costs, disbursements and attorney's fees; and

e) Such other, different and further relief that may be just and proper.

DATED: July 5, 2018

*/s/ Anthony J. Pietrafesa*  
Anthony J. Pietrafesa, Esq.  
721 University Building  
120 East Washington Street  
Syracuse NY 13202  
T. 518-218-0851  
F. 518-514-1241  
ajp@ajp1law.com  

*/s/ Evan S. Rothfarb*  
Evan S. Rothfarb  
Daniel A. Schlanger  
Schlanger Law Group LLP  
9 East 40th Street, Suite 1300  
New York, NY 10016  
T. 212.500.6114  
F. 646.612.7996  
dschlanger@consumerprotection.net  
erothfarb@consumerprotection.net  

*ATTORNEYS FOR THE PLAINTIFF*

# EXHIBIT A

# FULTON COUNTY SHERIFF'S OFFICE
2712 State Hwy 29
P. O. Box 20
Johnstown, New York 12095-0020
Telephone: (518) 736-2100
Civil Division: (518) 736-2128
Facsimile: (518) 762-8392

## EMERGENCY 911

### "INCOME EXECUTION"
18000361

| | |
|---|---|
| Judgment debtor: | JAMES M SHUTTER |
| Address: | 271 W FULTON STREET GLOVERSVILLE, NY 12078 |
| | |
| Judgment creditor: | VELOCITY INVESTMENTS LLC |
| Employer: | AMSTERDAM PRINT |
| Principle | $1,246.66 |
| Fees | $40.00 |
| Poundage | $122.88 |
| Interest | $1,170.87 |
| Amt. Paid | $0.00 |
| Credit | |
| **BALANCE DUE** | **$2,580.41**       AS OF 3/21/2018 |

**PLUS ALL COSTS AND INTEREST ACCRUED SINCE THE ABOVE "AS OF" DATE.**

**PLEASE CONTACT THE CIVIL OFFICE OF THE SHERIFF'S DEPT. TO ARRANGE FOR PAYMENTS WITHIN 20 DAYS OR WE WILL BE FORCED TO PLACE THIS WITH YOUR EMPLOYER RESULTING IN YOUR WAGES BEING GARNISHEED.**

No personal checks accepted!! Money order, cash or bank check. Please make payable to Fulton Co. Sheriff's Office.

| | |
|---|---|
| Attorney of Record: | STEVEN COHEN LLC    Phone No.: 212-564-1900 |
| Address: | 540 E 180TH STREET STE 203 BRONX, NY 10457 |

CITY COURT OF THE CITY Johnstown, COUNTY OF FULTON, INDEX NO. CV-000311-07/JO

Judgment Creditor(s):
**VELOCITY INVESTMENTS LLC,**

**INCOME EXECUTION**
THE PEOPLE OF THE STATE OF NEW YORK

Judgment Debtor(s)(name and last known address)   TO THE ENFORCEMENT OFFICER, GREETING:

The Enforcement Officer is the Sheriff, Marshal of the City or Constable of the Town or Village authorized by law to enforce income execution.

JAMES M SHUTTER
271 W FULTON ST, GLOVERSVILLE NY 12078

A Judgment was entered in the within court in favor of the Judgment Creditor(s) and the particulars are as follows:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| City Court, Johnstown | October 17, 2007 | $1461.35 | $1246.66 | October 17, 2007 |

The Judgment was recovered against JAMES M SHUTTER, defendant(s), and transcripted with the Clerk of        County on

This execution is issued against JAMES M SHUTTER, defendant(s), whose last known address is 271 W FULTON ST, GLOVERSVILLE NY 12078, whose social security number is enclosed in the accompanying letter, and who is receiving or will receive $500.00 (approx.) or the New York State minimum wage ($350.00) for each WEEKLY pay period from the Employer, "Employer", herein, includes any payor of money to Judgment Debtor. The Employer's name and address is

**AMSTERDAM PRINTING & LITHO INC**
**166 WALLINS CORNERS RD, AMSTERDAM NY 12010**

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR ☐ 5231.

Directions to Judgment Debtor: You are to notify and commended immediately to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days, this Income Execution will be served upon the Employer by the Enforcement Officer.

Directions to the Employer: You are commanded to withhold and pay over to the Enforcement Officer serving a copy of the Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earning commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied.

Dated: March 14, 2018
                                    STEVEN COHEN

LAW OFFICES OF STEVEN COHEN LLC
Attorneys for Judgment Creditor(s)
540 East 180th Street, Suite 203
Bronx, New York 10457
(212)564-1900
File No. 86780        **IMPORTANT STATEMENT**

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules ☐ 5231 and 15 United States Code ☐ 1671, et seq.

I.   **LIMITATIONS ON THE AMOUNT THAT CAN BE WITHHELD:**

   A.   An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

   B.   If a judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($7.25* per hour), or $217.50* or the New York State/City minimum wage (See attachment*) no deduction can be made from the judgment debtor's earning under this income execution.

   C.   A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying this thirty (30) times the current federal minimum wage ($7.25* per hour) or $217.50* or the New York State/City

minimum wage (See attachment*) under this income execution.

      D.    If deductions are being made from a judgment debtor's earnings under any for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

      E.    If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five (25%) of the judgment debtor's disposable earnings, deductions can be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this income execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

NOTE: NOTHING IN THIS NOTICE LIMITS THE PROPORTION OR AMOUNT WHICH MAY BE DEDUCTED UNDER ANY ORDER FOR ALIMONY, SUPPORT OR MAINTENANCE FOR FAMILY MEMBERS OR FORMER SPOUSES.

II.    EXPLANATION OF LIMITATIONS:

Definitions

<u>Disposable Earnings</u> - Disposable Earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.)

<u>Gross Income</u> - Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

Illustrations regarding earnings:

If disposable earnings are:        Amount to pay or deduct from earnings under this income execution is:

                            No payment or deduction allowed.

    (a)    30 times federal minimum wage ($217.50*) or less or the New York State Minimum wage (see attachment) or less    The lesser of: the excess over 30 times the federal minimum wage ($217.50)

    (b)    more than 30 times federal minimum wage ($217.50*) or the New York State Minimum wage (See attachment*) and in disposable earnings or 10% of gross earnings and less than 40 times the federal minimum wage ($290.00*) or the New York State/City minimum wage (see attachment*)or more or

    (c)    40 times the federal minimum wage ($290.00*) or more. Or the New York State/City minimum wage (see attachment) or more    The lesser of 25% of disposable earnings or 10% of gross earnings.

III.    NOTICE: YOU MAY BE ABLE TO CHALLENGE THIS INCOME EXECUTION THROUGH THE PROCEDURES PROVIDED IN CPLR ☐ 5231(i) AND CPLR ☐ 5240.

    If you think that the amount of your income being deducted under this income execution exceeds that amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

    CPLR ☐ 5231(i) Modification: At any time, the judgment debtor may make a motion to the court for an order modifying    an income execution.

    CPLR ☐ 5240 Modification or protective order: supervision of enforcement: At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-    judgment enforcement procedure, including the use of income executions.

*Based upon $6.55 minimum hourly wage. Recalculate and insert correct figures if the minimum hourly wage changes.

### Return (for Sheriff's or Marshal's use only)

\_\_\_\_ Fully Satisfied _____, 20\_\_\_\_

\_\_\_\_ Unsatisfied

\_\_\_\_ Partially Satisfied_____, 20\_\_\_\_

  $_____

\_\_\_\_ Because I was unable to find the Garnishee (the Employer) within my jurisdiction, I returned this income execution to Judgment Creditor(s) attorney on _____, 20\_\_\_

| MINIMUM WAGE SCHEDULE (eff. 12/31/2017) | | | | |
|---|---|---|---|---|
| TYPE | LOCATION | HOURLY WAGE | HOURLY WAGE X 30 | HOURLY WAGE X 40 |
| FAST FOOD WORKERS AND WORKERS FOR NYS | NEW YORK CITY | $13.50 | $405.00 | $540.00 |
| FAST FOOD WORKERS AND WORKERS FOR NYS | REST OF STATE | $11.75 | $352.50 | $470.00 |
| SUNY WORKERS | NEW YORK STATE | $13.50 | $405.00 | $540.00 |
| WORKERS IN ALL OTHER INDUSTRIES (10 EMPLOYEES OR LESS) | NEW YORK CITY | $12.00 | $360.00 | $480.00 |
| WORKERS IN ALL OTHER INDUSTRIES (11 EMPLOYEES OR MORE) | NEW YORK CITY | $13.00 | $390.00 | $520.00 |
| WORKERS IN ALL OTHER INDUSTRIES | NASSAU, SUFFOLK AND WESTCHESTER | $11.00 | $330.00 | $440.00 |
| WORKERS IN ALL OTHER INDUSTRIES | REST OF STATE | $10.40 | $312.00 | $416.00 |

Notice

Pursuant to CPLR 5202(l), $2,750.00 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR 5205(i)(2), is exempt from execution and the garnishee cannot levy upon or restrain $2,750.00 in such an account.

Pursuant to CPLR 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

# FULTON COUNTY SHERIFF'S OFFICE
**2712 ST HWY 29**
**P. O. Box 20**
**Johnstown, New York 12095**
**Telephone: (518) 736-2100**
**Civil Division: (518) 736-2128**
**Facsimile: (518) 762-8392**
**EMERGENCY DIAL 911**

# MEMORANDUM

**TO:**       **JAMES M SHUTTER**

**FROM:**    **CIVIL DIVISION**

**SUBJECT:** **INCOME EXECUTION**

A judgment has been taken against you. You are officially being served with the enclosed Income Execution for collection of this judgment.

You are required by law to pay approximately 10% of your gross wages to the Fulton County Sheriff until this judgment is paid in full.

Please see the attached cover sheet for additional instruction.

If you have any questions, please contact our office at 736-2128.